**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **BENOIT BROOKENS**, <br><br> Plaintiff, <br><br> v. <br><br> **DINO DRUDI**, *et al.*, <br><br> Defendants. | Case No. 20-cv-695 (CRC) |

<u>**MEMORANDUM OPINION**</u>

Plaintiff Benoit Brookens wanted to run for President of the American Federation of Government Employees ("AFGE") Council 1.  The Election Committee of Council 1 denied him that opportunity, explaining that AFGE did not consider him to be a member in good standing.  Proceeding *pro se,* Mr. Brookens has now sued individual members of the Election Committee, challenging his exclusion from the election under the Labor Management Reporting and Disclosure Act ("LMRDA").  Defendants have moved to dismiss the Complaint on several grounds, including lack of subject matter jurisdiction.

The Court agrees with defendants that it lacks jurisdiction over Brookens's claim.  District courts have jurisdiction to hear LMRDA claims over the conduct of unions that represent private-sector employees, even if those unions also represent government workers.  But entities that represent *solely* government workers fall outside the scope of the LMRDA.  Council 1 undisputedly is composed entirely of union locals that exclusively represent public-sector workers.  The LMRDA therefore does not apply to Council 1 and the Court must dismiss the Complaint.

## I.    Background

A.  Facts

The following facts are alleged in the Complaint or apparent from the declaration of

current AFGE Council 1 President DeAndre Taylor, which was submitted by Defendants and

whose accuracy Brookens does not dispute.

Council 1 is an entity affiliated with AFGE.  Compl. ¶ 4; Tyler Decl. ¶ 5.  Council 1 is

composed of seven AFGE locals within AFGE District 14, including AFGE Local 12.  Tyler

Decl. ¶¶ 7, 8.  All seven of Council 1's local affiliates represent exclusively government workers.

Id. ¶ 9.  As such, Council 1 does not represent any members employed by private-sector

companies or other non-governmental entities.  Id. ¶ 10.

Brookens considers himself a member of AFGE, Council 1, and Local 12. [1]  Compl. ¶ 2.

He has filed ten pending grievances with Local 12, dating back as far as 2006.  Id. ¶ 10.  He last

attended a Local 12 membership meeting in October 2018.  Id.  Brookens continued to send

Local 12 checks for his membership dues, but at some point, Local 12 stopped depositing those

checks.  Id. ¶ 8.  According to Brookens, Local 12 chose not to deposit the checks or to return

them with an explanation of why they would not be deposited.  Id.  In February 2020, Local 12

returned Brookens's dues check with a letter from its president, stating that Brookens was "not

eligible to be a member of AFGE Local 12, consistent with my emails to you on February 13 and

20, 2019." Id. 7 (Attachment 2); id. ¶ 8(B).  Brookens alleges that Local 12 returned his check

---

[1] Brookens is a former Department of Labor economist who was terminated in 2008.
Brookens v. Acosta, 297 F. Supp. 3d 40, 43 (D.D.C.), summarily aff'd, 2018 WL 5118489 (D.C.
Cir. 2018), cert. denied, 140 S. Ct. 572 (2019).  In a separate pending case, he has alleged that he
remains a retired member of Local 12.  Complaint ¶ 5, Brookens v. Gamble, No. 20-cv-1740
(CRC) (D.D.C. June 25, 2020).  The Court takes judicial notice of this background information
but does not rely on it to decide the present Motion to Dismiss.

"to intimidate [him] and to undermine his seeking elective office and disqualify him from voting" in union elections. Id. ¶ 8(B).

Brookens wished to run for Council 1 President in the election held March 11, 2020. Id. ¶¶ 11-12. However, about a week before the election, the Council 1 Election Committee—which includes defendants Dino Drudi, Gina Walton, and Frank Silberstein—notified Brookens by email that his name would not appear on the ballot. Id. ¶ 6. The Election Committee stated that its decision was based on the representation of the AFGE Office of General Counsel that Brookens was not an AFGE member in good standing. Id. ¶ 7. Brookens claims it was "deceitful and misleading" for the Office of General Counsel to advise the Election Committee that he was not a member in good standing, because the General Counsel and District 14 National Vice President Eric Bunn allegedly knew that Local 12 was not depositing Brookens's dues checks. Id. ¶ 8(A). Brookens also alleges that the notice from the Election Committee "intentionally does not provide [him] an opportunity to cure any alleged defects to his 'good standing status.'" Id. ¶ 8. In his view, the notice "constitutes a wholly spurious effort by the Office of General Counsel and [Mr. Bunn] to deprive [him] of the benefits of his AFGE membership, including, seeking elected office." Id.

Shortly after receiving the notice, Brookens appealed the decision to exclude him from the ballot. Id. ¶ 9. At the time of the Complaint, the Election Committee had not ruled on the appeal. Id.

B. Proceedings in this Case

Brookens filed this lawsuit on March 10, 2020—one day before the election in which he sought to run—alleging that the Election Committee's actions violated the LMRDA. Id. ¶ 1, 3. The Complaint seeks injunctive relief to prevent the Election Committee from excluding

3

Brookens from the March 11 ballot, as well as "any other relief to which Mr. Brookens is

entitled." Id. ¶ 12.  Brookens also moved for a temporary restraining order and a preliminary

injunction to force the Election Committee to place his name on the ballot.

On March 11, hours before the election, the Court held a hearing on Brookens's motions

for preliminary relief.  The Court found that Brookens had not satisfied his burden to show that

he would likely succeed in establishing that the Court had jurisdiction over his claim, or that he

was in fact eligible for AFGE membership.  The Court also found that Brookens failed to show

he would suffer irreparable harm without preliminary relief.  Hearing Tr. 20-21.  Accordingly,

the Court denied the motions.  Minute Order (March 11, 2020).

Defendants moved to dismiss the Complaint later that month, arguing that the Court lacks

subject matter jurisdiction because Council 1 is not covered by the LMRDA; that the case is

moot because the March 11 election has already occurred; that the Complaint fails to allege a

cognizable LMRDA violation; and that the Complaint was not properly served on defendants.

Defs.' Mem. 1-2.  The motion is now fully briefed and ripe for decision.

## II.  Legal Standard

The Court must dismiss any claim over which it lacks subject matter jurisdiction.  Auster

v. Ghana Airways Ltd., 514 F.3d 44, 48 (D.C. Cir. 2008).  On a motion to dismiss for lack of

subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the

burden of establishing jurisdiction.  Knapp Med. Ctr. v. Hargan, 875 F.3d 1125, 1128 (D.C. Cir.

2017).  The Court must "accept all well-pleaded factual allegations as true and draw all

reasonable inferences from those allegations in the plaintiff's favor," but need not "assume the

truth of legal conclusions" in the complaint.  Williams v. Lew, 819 F.3d 466, 472 (D.C. Cir.

2016) (internal quotation marks omitted).  The Court also "may consider materials outside the

pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." <u>Jerome Stevens Pharm., Inc. v. FDA</u>, 402 F.3d 1249, 1253 (D.C. Cir. 2005).[2]

### III.  Analysis

Defendants argue that the Court lacks jurisdiction over Brookens's claim because Council 1 represents only government workers and therefore is not covered by the LMRDA. Defs.' Mem. 6.  The Court agrees and will therefore dismiss the Complaint for lack of subject matter jurisdiction without reaching defendants' other arguments.

Because the sole claim in this case is that the Council 1 Election Committee's exclusion of Brookens from a Council 1 election violates the LMRDA, the Court's "jurisdiction turns on whether the LMRDA applies to" Council 1.  <u>Wildberger v. AFGE, AFL-CIO</u>, 86 F.3d 1188, 1192 (D.C. Cir. 1996).  "Congress enacted the LMRDA to protect workers from corrupt leadership in unions representing private sector employees[.]"  <u>Id.</u> at 1193.  The LMRDA provides certain rights to "[e]very member of a labor organization."  29 U.S.C. § 411(a); <u>see also</u> <u>id.</u> § 529 (no "labor organization" may "fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter.").  The statute authorizes actions in federal district court to vindicate those rights.  <u>Id.</u> §§ 412, 529.  However, the scope of the LMRDA is limited by its definition of the term "labor organization":

> "Labor organization" means a labor organization *engaged in an industry affecting commerce* and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged *in which employees participate* and which exists for the purpose, in whole or in part, of *dealing with employers* concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board, or joint council so engaged which is

---

[2] Defendants seek dismissal on both jurisdictional and non-jurisdictional grounds. However, because the Court concludes that the Complaint must be dismissed under Rule 12(b)(1), it has no occasion to apply the standards for other types of motions to dismiss.

subordinate to a national or international labor organization, other than a State or local central body.

Id. § 402(i) (emphases added).  "Employer," in turn, is defined to exclude "the United States or any corporation wholly owned by the Government of the United States or any State or political subdivision thereof."  Id. § 402(e); see also Wildberger, 86 F.3d at 1192 ("The LMRDA definition of 'employer,' specifically excludes federal, state and local governments.").  The definition of "employee" is limited to individuals "employed by an employer"—i.e., non-governmental employees.  Id. § 402(f).  And an organization is considered to be "engaged in an industry affecting commerce" only if it fits certain criteria based on its relationship with "employees."  Id. § 402(j).[3]  Thus, a union or similar entity that represents only government workers is not covered by the LMRDA.  The LMRDA does, however, apply to a "mixed union"

---

[3] Section 402(j) provides in full,

A labor organization shall be deemed to be engaged in an industry affecting commerce if it--
    (1) is the certified representative of employees under the provisions of the National Labor Relations Act, as amended, or the Railway Labor Act, as amended; or
    (2) although not certified, is a national or international labor organization or a local labor organization recognized or acting as the representative of employees of an employer or employers engaged in an industry affecting commerce; or
    (3) has chartered a local labor organization or subsidiary body which is representing or actively seeking to represent employees of employers within the meaning of paragraph (1) or (2); or
    (4) has been chartered by a labor organization representing or actively seeking to represent employees within the meaning of paragraph (1) or (2) as the local or subordinate body through which such employees may enjoy membership or become affiliated with such labor organization; or
    (5) is a conference, general committee, joint or system board, or joint council, subordinate to a national or international labor organization, which includes a labor organization engaged in an industry affecting commerce within the meaning of any of the preceding paragraphs of this subsection, other than a State or local central body.

whose members include both governmental and private-sector workers.  Wildberger, 86 F.3d at 1192.

In this case, all parties apparently agree that AFGE is a mixed union.  See Defs.' Mem. 6; Opp. 6; see also Wildberger, 86 F.3d at 1192 (noting that, as of 1996, AFGE was a mixed union). It also appears undisputed that Council 1 itself exclusively represents government workers. Tyler Decl. ¶¶ 9-10.  The Court therefore must determine whether the LMRDA authorizes claims in federal court against a purely public-sector council affiliated with a mixed parent union.

The D.C. Circuit has not directly addressed this question, but it has arguably hinted at a negative answer.  In Wildberger, the Circuit noted that the Department of Labor had promulgated a regulation classifying "locals composed purely of government employees" as outside the LMRDA's coverage.  86 F.3d at 1192.  The court did not suggest that this regulation was inconsistent with its interpretation of the LMRDA.

Most courts since Wildberger have found that the LMRDA does not authorize suits against purely public-sector affiliates of mixed unions.  See, e.g., Reed v. Sturdivant, 176 F.3d 1051, 1052 (8th Cir. 1999) (purely public-sector AFGE local not a "labor organization" under the LMRDA); Hudson v. AFGE, No. 19-cv-2738 (JEB), 2019 WL 6683778, at *2-*3 (D.D.C. Dec. 6, 2019) (similar); Adams v. AFSCME Int'l, 167 F. Supp. 3d 730, 740 (D. Md. 2016) ("[A] local union that represents only public employees is not subject to the LMRDA, and the fact that its parent organization qualifies as a labor organization for purposes of the LMRDA does not change the local union's status.") (citing, inter alia, Wildberger, 86 F.3d at 1192).  The Court is aware of only one decision to the contrary.  See Hillman v. AFGE, AFL-CIO, No. 18-cv-999 (RCL), 2019 WL 340841, at *3 (D.D.C. Jan. 28, 2019) (concluding, without analysis, that "[a] local union representing only government employees falls under the LMRDA as long as its

7

parent union represents both public and private sector workers.") (citing <u>Wildberger</u>, 86 F.3d at 1192-93).

The Court agrees with the majority rule that the LMRDA does not apply to a government-only local, council, or other affiliate of a mixed parent union.  This rule accords with the statutory text.  The LMRDA's definition of "labor organization" specifies that *some* entities may be covered by virtue of their status as "subordinate" affiliates of national or international labor organizations.  29 U.S.C. § 402(i).  But it also makes clear that no entity, subordinate or otherwise, can qualify as a labor organization unless it is "engaged in an industry affecting commerce."  <u>Id.</u> (defining "labor organization" as "a labor organization engaged in an industry affecting commerce," and clarifying that this definition includes certain subordinate entities that are "so engaged").  And the business of government is not an "industry affecting commerce" under the LMRDA.  <u>See</u> <u>id.</u> § 402(j) (deeming an organization to be "engaged in an industry affecting commerce" if it performs certain functions with respect to "employees" or, in limited circumstances, if it "includes" an entity that performs such functions); <u>id.</u> § 402(e) (defining "employer" to exclude the federal, state, and local governments); <u>id.</u> § 402(f) (defining "employee" as "an individual employed by an employer").  Under this statutory scheme, Council 1 is not "engaged in an industry affecting commerce" and therefore is not a covered "labor organization."

In his opposition brief, Brookens does not directly address whether the LMRDA applies to a government-only council affiliated with a mixed union.  Instead, he correctly asserts that "this Court has jurisdiction over mixed unions" and quotes at length from <u>Wildberger</u> to support this proposition.  Opp. 6-8 (capitalization altered).  As already discussed, <u>Wildberger</u>'s holding that mixed unions such as AFGE are covered by the LMRDA does not mean that government-

only AFGE affiliates such as Council 1 are also covered.  If anything, <u>Wildberger</u> may support the opposite conclusion by tacitly approving the Department of Labor's regulation classifying government-only locals as beyond the LMRDA's reach.  <u>See</u> 86 F.3d at 1192.[4]

In sum, Council 1 is not subject to the LMRDA because it represents only government workers.  The Court therefore lacks jurisdiction to entertain an LMRDA challenge to the Election Committee's exclusion of Mr. Brookens from a Council 1 election.

**IV.   Conclusion**

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss.  A separate Order shall accompany this Memorandum Opinion.

Date:  <u>October 5, 2020</u>

_____
CHRISTOPHER R. COOPER
United States District Judge

---

[4] Brookens also quotes from the majority and dissenting opinions in <u>Local No. 82, Furniture and Piano Moving, Furniture Store Drivers, Helpers, Warehousemen and Packers v. Crowley,</u> 467 U.S. 526 (1984).  Opp. 8-9.  There, the Supreme Court held that Title I of the LMRDA does not empower district courts to invalidate an ongoing union election and order a new election to be conducted under court supervision.  <u>Local No. 82,</u> 467 U.S. at 550.  The Supreme Court did not address the application of the LMRDA to entities that represent only government workers.